## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **HYDEIA BOYKIN,** | * |
| | * |
| *On Behalf of Herself and All Others* | * |
| *Similarly Situated,* | * |
| | *  **CIVIL ACTION** |
| *Plaintiff*, | * |
| | *  **File No.:** _____ |
| **v.** | * |
| | *  **Collective Action Complaint** |
| **GOLD LOUNGE, LLC, a Domestic For-** | * |
| **Profit Limited Liability Company,** | * |
| | * |
| *Defendant*. | * |
| | * |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Hydeia Boykin ("Plaintiff") on behalf of herself and all others similarly situated, by and through undersigned counsel, submits this Collective Action Complaint against Defendant Gold Lounge, LLC ("the Gold Lounge" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This action is brought individually and as a collective action seeking unpaid minimum wages, unpaid overtime compensation, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.      Defendant had a systemic company-wide policy, pattern, or practice of misclassifying exotic dancer employees at Defendant's Gold Lounge gentlemen's club as "independent contractors."

3.      Defendant's pay practices and policies were in direct violation of the FLSA.

4.       Plaintiff seeks unpaid minimum wage compensation, statutory liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## JURISDICTION AND VENUE

5.       This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

6.       The United States District Court for the Middle District of Georgia has personal jurisdiction because Defendant conducted business in Muscogee County, Georgia, which is located within this District.

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducted business within the Middle District of Georgia, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

8.       All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## PARTIES

9.       Plaintiff is an adult resident and domiciliary of Columbus, Georgia.

10.      By acting as the named plaintiff in this action, Plaintiff hereby affirms her consent to participate as a plaintiff in an FLSA collective action.

11.      Plaintiff was employed by Defendant as an exotic dancer at Defendant's Gold Lounge gentlemen's club located in Columbus, Georgia.

12.      The FLSA Collective Action Opt-In Plaintiffs consist of individuals who did work or have worked for Defendant as exotic dancers at Defendant's Gold Lounge gentlemen's club who were classified by Defendant as independent contractors, and who were suffered or permitted

by Defendant to work as exotic dancers at Defendant's Gold Lounge gentlemen's club at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

13.     The Gold Lounge is a corporation formed under the laws of the State of Georgia that operates as a gentlemen's club featuring female exotic dancers in Columbus, Georgia.

14.     For the entire period relevant to this action, the Gold Lounge has operated as a gentlemen's club at the location 3613 Victory Drive, Columbus, Georgia 31903

## COVERAGE

15.     At all times material to this action, Defendant was Plaintiff's employer and the employer for other female exotic dancers at the Gold Lounge within the defined scope of the FLSA, 29 U.S.C. § 203(d).

16.     At all times material to this action, Plaintiff and each of the other female exotic dancer employees were individual employees engaged in commerce or the production of goods within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

17.     At all times material to this action, Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise had and has an annual gross volume of sales made or business done in each relevant year exceeding $500,000.00.

18.     During the period of Plaintiff's employment, Defendant served and purchased food products and beverages that were made and/or packaged outside of Georgia.

19.     During the period of Plaintiff's employment, Defendant purchased and streamed music through the internet that was recorded and stored outside of Georgia.

20.     During the period of Plaintiff's employment, Defendant purchased and utilized equipment and goods used to operate the business such as kitchen equipment, kitchenware, cutlery, tableware, and paper goods that were manufactured outside of Georgia.

21.     During the period of Plaintiff's employment, Defendant's employees, including Plaintiff and the other exotic dancers, sold goods and services through the processing of Defendant's customers' credit cards thereby relying on contractual assurances from processors or third parties outside of Georgia.

22.     During the period of Plaintiff's employment, Defendant advertised to clientele outside of Georgia on the internet including the use of internet-based social media.

23.     During the period of Plaintiff's employment, Plaintiff and the other exotic dancers at the Gold Lounge entertained Defendant's customers by dancing to streamed music from the internet stored outside of Georgia from providers and services based outside of Georgia and which was created by artists outside of Georgia.

24.     During the period of Plaintiff's employment, Plaintiff and the other exotic dancers sold and/or delivered food, drinks, and other merchandise, created outside of Georgia, to the Defendant's customers.

25.     During the period of Plaintiff's employment, Plaintiff and the other exotic dancers purchased stage attire, makeup, and shoes for their performances, which traveled through interstate commerce and which were manufactured outside of Georgia.

26.     During the period of Plaintiff's employment, Defendant played televised sporting events for the entertainment of Defendant's customers, including sporting events that occurred outside of Georgia.

27.     During the period of Plaintiff's employment, Plaintiff's work and the work of Defendant's other exotic dancer employees was vitally related to the functioning of the Defendant's Gold Lounge business operation, which itself is a facility of interstate commerce as described herein, that Plaintiff and Defendant other exotic dancers were personally engaged in interstate commerce.

## FACTUAL ALLEGATIONS

28.     At all relevant times, Defendant operated the Gold Lounge, a gentlemen's club located in Columbus, Georgia, featuring female exotic dancers.

29.     During the period of about June 2018 through about April 2021, Plaintiff was employed by Defendant as a female exotic dancer at Defendant's Gold Lounge gentlemen's club in Columbus, Georgia.

30.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

31.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

32.     During the period of Plaintiff's employment, Plaintiff customarily worked about 4-6 shifts per week for a total of about 28-35 hours per week.

33.     Agents on behalf of Defendant had actual knowledge of all hours Plaintiff worked each shift and week through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties.

34.     At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff any wages for hours that Plaintiff worked each week.

35.     Defendant totally failed to pay wages or any kind of compensation to Plaintiff for work duties performed.

36.     At all times relevant to this action, Defendant misclassified Plaintiff and all other female exotic dancers at Defendant's Gold Lounge gentlemen's club as independent contractors.

37.     At all times, Plaintiff and all other female exotic dancers at Defendant's Gold Lounge gentlemen's club should have been classified as employees under the FLSA.

38.     At all times, Defendant controlled all aspects of the job duties Plaintiff and other female exotic dancers at the Gold Lounge performed inside the club through employment rules and workplace policies.

39.     At all times, Defendant controlled the method by which Plaintiff and all other female exotic dancers at Defendant's Gold Lounge gentlemen's club could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

40.     At all times, Defendant required Plaintiff and all other female exotic dancers at Defendant's Gold Lounge gentlemen's club perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

41.     Defendant hired Plaintiff and the other female exotic dancers at the Gold Lounge gentlemen's club and had the ability to discipline, fine, fire, and adjust Plaintiff and/or the other female exotic dancers' work schedules at the club.

42.     Defendant, through supervisors and managers, supervised Plaintiff and the other female exotic dancers' job duties to make sure each of their job performance was of sufficient quality.

43.     Defendant conducted initial interviews and vetting procedures for Plaintiff and the other female exotic dancers, and, at Defendant' sole discretion, Defendant's management and/or ownership could deny Plaintiff or any of the other female exotic dancer access or ability to dance and/or work at the Gold Lounge.

44.     Defendant had the right to suspend or send Plaintiff or any of the other female exotic dancer home and away from the Gold Lounge gentlemen's club if Plaintiff or any of the other female exotic dancers violated rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiff or any other female exotic dancer to work at the Gold Lounge.

45.     Plaintiff and the other female exotic dancers were not required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendant.

46.     In addition to failing to pay Plaintiff and the other female exotic dancers wages for hours worked, Defendant required Plaintiff and each other female exotic dancer to pay Defendant's management a house fee  kickback in an amount ranging from about $30.00 - $100.00 per shift, plus payment of an additional and $20.00 - $40.00 to Defendant's DJ and other employees and/or vendors as directed by Defendant.

47.     Without justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and the other female exotic dancers received from customers.

48.     Upon information and belief, Defendant, including management and ownership, had actual or constructive knowledge that Defendant misclassified Plaintiff and the other female exotic dancers as independent contractors, failed to pay them wages as required under the FLSA, unlawfully withheld or assigned tips Plaintiff and the  other female exotic dancers received from customers, and unlawfully charged Plaintiff and the other female exotic dancers kickbacks, fines, and surcharges during their employment period.

49.     Defendant willfully violated the statutory rights of Plaintiff and the other female exotic dancers under both the FLSA, resulting in damages to Plaintiff in the form of unpaid minimum wage compensation, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff brings this Complaint as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated female exotic dancers.

51.     Collective Action Class Members include individuals who have worked for Defendant as female exotic dancers at Defendant's Gold Lounge gentlemen's club at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who was classified by Defendant as an independent contractor and who Defendant did not pay wages at rates meeting or exceeding the Federal Minimum Wage.

52.     Plaintiff and the other similarly situated female exotic dancers have substantially similar FLSA minimum wage claims against Defendant.  As such, prosecution of Plaintiff's FLSA claim against Defendant collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and other female exotic dancers that work or worked for Defendant at the Gold Lounge gentlemen's club.

**CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 203(m), 206**
**(Unlawful Tip Deductions and Failure to Pay Minimum Wage)**
**(On Behalf of Named, Opt-In, and Putative Plaintiffs)**

53.     Plaintiff incorporates by references all preceding paragraphs as if the same were repeated here verbatim.

54.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

55.     The FLSA prohibits a taking or assignment by Defendant or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

56.     As set forth above, Defendant failed to pay Plaintiff and other similarly situated female exotic dancers minimum wage compensation as required by the FLSA.

57.     As set forth above, Defendant unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated female exotic dancers received from customers.

58.     Defendant must pay Plaintiff and each other female exotic dancer free and clear hourly rate the statutory minimum wage of $7.25 per hour for all hours worked.

59.     As set forth above, Defendant willfully failed to pay Plaintiff and the other female exotic dancers the statutory minimum wage rate by knowingly and intentionally misclassifying them as independent contractors.

60.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

61.    As such, Plaintiff seek to recover from Defendant the following damages:

    a.  Minimum wages due;

    b.  Liquidated damages in an equal amount;

    c.  Reasonable attorneys' fees and costs; and

    d.  All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, and all those similarly situated female exotic dancers, collectively prays that this Honorable Court:

1. Issue an Order certifying this action as a Collective Action under the FLSA, and designate Plaintiff as representative of all those similarly situated female exotic dancers under the FLSA collective action;

2. Award Plaintiff and all those similarly situated female exotic dancers actual damages for all unpaid and misappropriated wages found due to Plaintiff and those similarly situated female exotic dancers and liquidated damages in an equal amount, as provided by FLSA, 29 U.S.C. § 216(b);

3. Award Plaintiff and all those similarly situated female exotic dancers pre- and post-judgment interest at the statutory rate;

4. Award Plaintiff and all those similarly situated female exotic dancers attorney's fees, costs, and disbursements as provided by the FLSA; and

5. Award Plaintiff and all those similarly situated female exotic dancers further legal and/or equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this, October 8, 2021.

BUCKLEY BEAL, LLP

/s/ Thomas J. Mew IV
Thomas J. Mew IV
Georgia Bar No. 503447
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
(404) 781-1100 (phone)
Email:  tmew@buckleybeal.com

Gregg C. Greenberg, Virginia Bar No. 79610
(Pro Hac Vice application to be filed)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (phone)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff and the Collective*